UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Jane Doe ) | |
| ) | |
| v. ) | Civil No.: 1:25-cv-00170-TSM |
| ) | |
| Russell Holden and ) | |
| Shaker Regional School District ) | |
| ) | |

## DEFENDANT SHAKER REGIONAL SCHOOL DISTRICT'S ANSWER AND JURY DEMAND

Defendant, Shaker Regional School District, ("District") by and through their counsel, way of Answer to the Complaint states as follows:

### I.   Introduction

1. The Introduction contains statements and opinions of counsel and does not require a response.

### II.   Parties

2. The District lacks knowledge sufficient to admit or deny and therefore denies same.

3. Upon information and belief, admitted.

4. Admitted.

5. Admitted.

6. The statements are a conclusion of law for which no response is required.

### III.   Jurisdiction

7. The statements are a conclusion of law for which no response is required.

8. The statements are a conclusion of law for which no response is required.

1

9. The statements are a conclusion of law for which no response is required.

### IV. Facts

10. Admitted.

11. Admitted.

12. Admitted.

13. Except to admit that the District School Board enacted policies, the remainder of the allegations are a conclusion of law for which no response is required.

14. Except to admit that Michael Cozort ("Cozort") was the superintendent and Russell Holden ("Holden") was the principal, the remainder of the allegations are a conclusion of law for which no response is required.

15. Except to admit that Holden was the principal of Belmont High School, and his substantive duties include those set forth in NHAC § 304.01, and that such abilities as enumerated in N.H. Admin Code § 506.04(f) were required for educational leadership and administration, the remainder of the allegations are conclusions of law for which no response is required.

16. Denied as written. By way of further explanation, Holden evaluated and made recommendations to the superintendent concerning candidates for teachers within the school administrative unit in accordance with local school board policy, or as directed by the superintendent, *see* N.H. Admin Code § 304.01(b). Then, the superintendent nominated and the school board elected all teachers employed in the school or school administrative unit. *See* RSA § 189:39.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. The District lacks knowledge to admit or deny and therefore denies same.

23. Admitted.

24. Admitted.

25. Admitted.

26. The District lacks knowledge to admit or deny and therefore denies same.

27. The District lacks knowledge to admit or deny and therefore denies same.

28. The District lacks knowledge to admit or deny and therefore denies same.

29. The District lacks knowledge to admit or deny and therefore denies same.

30. The District lacks knowledge to admit or deny and therefore denies same.

31. The District lacks knowledge to admit or deny and therefore denies same.

32. The District lacks knowledge to admit or deny and therefore denies same.

33. The District lacks knowledge to admit or deny and therefore denies same.

34. The District lacks knowledge to admit or deny and therefore denies same.

35. The District lacks knowledge to admit or deny and therefore denies same.

36. The District lacks knowledge to admit or deny and therefore denies same.

37. The District lacks knowledge to admit or deny and therefore denies same.

38. The District lacks knowledge to admit or deny and therefore denies same.

39. The District lacks knowledge to admit or deny and therefore denies same.

40. The District lacks knowledge to admit or deny and therefore denies same.

41. The District lacks knowledge to admit or deny and therefore denies same.

42. The District lacks knowledge to admit or deny and therefore denies same.

43. The District lacks knowledge to admit or deny and therefore denies same.

44. The District lacks knowledge to admit or deny and therefore denies same.

45. The District lacks knowledge to admit or deny and therefore denies same.

46. The District lacks knowledge to admit or deny and therefore denies same.

47. The District lacks knowledge to admit or deny and therefore denies same.

48. Except to admit that the District contracted with Anderson to employ him as a faculty advisor to the High School drama club, the District lacks knowledge sufficient to admit or deny the remainder of the allegations and therefore denies same.

49. The District lacks knowledge to admit or deny and therefore denies same.

50. The District lacks knowledge to admit or deny and therefore denies same.

51. Admitted in part. The District admits that Holden's substantive duties included those enumerated in N.H. Admin Code § 304.01, and that such abilities as enumerated in N.H. Admin Code § 506.04 were required for educational leadership and administration. To the extent this paragraph misquotes or mischaracterizes Holden's duties beyond those set forth in N.H. Admin Code § 304.01 or § 506.04, the District denies the allegations.

52. Except to admit that Exhibit A contemplates two performances, the remainder of the allegations are denied.

53. The District lacks knowledge to admit or deny and therefore denies same.

54. The District lacks knowledge to admit or deny and therefore denies same.

55. The District lacks knowledge to admit or deny and therefore denies same.

56. The District lacks knowledge to admit or deny and therefore denies same.

57. The District lacks knowledge to admit or deny and therefore denies same.

58. The District lacks knowledge to admit or deny and therefore denies same.

59. The District lacks knowledge to admit or deny and therefore denies same.

60. The District lacks knowledge to admit or deny and therefore denies same.

61. Admitted.

62. Except to admit that Anderson's resignation was for the next school year and therefore Anderson taught for the remainder of the contract year, the District denies the remainder of the allegations of this paragraph.

63. The District lacks knowledge to admit or deny and therefore denies same.

64. The District lacks knowledge to admit or deny and therefore denies same.

65. The District lacks knowledge to admit or deny and therefore denies same.

66. The District lacks knowledge to admit or deny and therefore denies same.

67. The District lacks knowledge to admit or deny and therefore denies same.

68. The District lacks knowledge to admit or deny and therefore denies same.

69. Except to admit that Anderson ceased teaching at Belmont High School at the end of June 2010, the District lacks knowledge to admit or deny the remainder of the allegations and therefore denies same.

70. The District lacks knowledge to admit or deny and therefore denies same.

71. The District lacks knowledge to admit or deny and therefore denies same.

72. The District lacks knowledge to admit or deny and therefore denies same.

73. The District lacks knowledge to admit or deny and therefore denies same.

74. The District lacks knowledge to admit or deny and therefore denies same.

75. The District lacks knowledge to admit or deny and therefore denies same.

76. The District lacks knowledge to admit or deny and therefore denies same.

77. The District lacks knowledge to admit or deny and therefore denies same.

## V.     Counts

### COUNT ONE—(SRSD)

### Violation of Title IX, 20 U.S.C. § 1681 et seq. Sexual Harassment—Hostile Educational Environment

78. The District repeats and reincorporates its responses to the preceding paragraphs as though set forth at length herein.

79. Admitted.

80. Denied.

81. The allegations of this paragraph are a conclusion of law for which no response is required.

82. Denied.

83. The District lacks knowledge to admit or deny and therefore denies same.

84. Denied.

85. The District lacks knowledge to admit or deny and therefore denies same.

86. The District lacks knowledge to admit or deny and therefore denies same.

87. The District lacks knowledge to admit or deny and therefore denies same.

88. The allegations of this paragraph are a conclusion of law for which no response is required.

89. The allegations of this paragraph are a conclusion of law for which no response is required. To the extent the allegations are construed against it, the District denies same. WHEREFORE the District demands dismissal with interest and costs thereon.

## COUNT TWO—(HOLDEN)

### Breach of Principal's Duty to Protect Students from Sexual Abuse by School Employees

90. District reincorporates its prior responses. The allegations of paragraphs 90—100 do not pertain to the District and accordingly no response is required.

## COUNT THREE—(SRSD)

### Vicarious Liability for Principal's Breach of Duty to Protect Plaintiff

101. The District repeats and reincorporates its responses to the preceding paragraphs as though set forth at length herein.

102. The allegations of this paragraph are a conclusion of law for which no response is required.

103. The allegations of this paragraph are a conclusion of law for which no response is required. To the extent the allegations are construed against it, the District denies same.

104. The allegations of this paragraph are a conclusion of law for which no response is required. To the extent the allegations are construed against it, the District denies same.

105. The allegations of this paragraph are a conclusion of law for which no response is required. To the extent the allegations are construed against it, the District denies same.

106. The allegations of this paragraph are a conclusion of law for which no response is required. To the extent the allegations are construed against it, the District denies same.

WHEREFORE the District demands dismissal with interest and costs thereon.

## COUNT FOUR—(HOLDEN)

### Action Under 42 U.S.C. § 1983 for State-created Danger in Violation of 14th Amendment Substantive Due Process Guarantee

107. District reincorporates its prior responses. The allegations of paragraphs 107—115 do not pertain to the District and accordingly no response is required.

## COUNT FIVE—(HOLDEN)

### 42 U.S.C. § 1983 Action for Supervisor Liability Under 14th Amendment Substantive Due Process Clause

116. District reincorporates its prior responses. The allegations of paragraphs 116—123 do not pertain to the District and accordingly no response is required.

## AFFIRMATIVE DEFENSES

1. The District denies all claims of liability and damages.
2. The Complaint fails to state a claim upon which relief can be granted.
3. Plaintiff's claims in whole or in part are barred by the applicable statute of limitations.
4. The District raises the defenses of state and federal statutory and common law immunities and limitations to all claims, including but not limited to absolute, discretionary function, statutory, individual, municipal, and qualified immunity, R.S.A. 507-B:1, et seq.; R.S.A. 507-B:5; R.S.A. 507-B:2; and R.S.A. 507-B:4.
5. Comparative negligence is reserved as a defense.
6. The Plaintiff has failed to mitigate her damages, if any.
7. Plaintiff suffered no damages as a result of any actions by the Defendant.
8. Defendant's actions were not the proximate cause of any injuries to Plaintiff.
9. Plaintiff's injuries, if any, were cause by the actions of third persons over whom this Defendant had no control or obligation to control.
10. Plaintiff failed to follow Defendant's applicable policies and procedures for reporting and addressing the misconduct she claims.
11. No punitive or enhanced damages are warranted or permitted by federal law and RSA 507-B:4 (II) and (IV).

12. Plaintiff's damages, if any, are limited by applicable federal or state law statutory limits.

13. Defendant reserves the right to assert that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, res judicata, collateral estoppel, judicial estoppel, laches, ratification, unclean hands, and equitable estoppel.

14. Defendant reserves the right to rely on additional affirmative defenses should they become known during the course of discovery or trial.

## **Jury Demand**

Defendant demands a trial by jury on all issues so triable.

Wherefore, Defendant respectfully requests that this Honorable Court:

a. Enter judgment in its favor;

b. Dismiss Plaintiff's Complaint with prejudice;

c. Award Defendant their attorneys' fees, costs and expenses; and

d. Grant such further and other relief as the Court deems appropriate.

Respectfully submitted,

Shaker Regional School District

by its Attorneys,
FRIEDMAN FEENEY GETMAN, PLLC

Date: July 8, 2025           By:   */s/ Dona Feeney*
                                   Dona Feeney, Esq. (NH Bar No. 12854)
                                   95 North State Street, Suite 5
                                   Concord, NH 03301
                                   dfeeney@friedmanfeeney.com
                                   (603) 783-5105

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was electronically served to all counsel of record through the ECF system and emailed to same counsel of record.

Date:  July 8, 2025                  By:  */s/ Dona Feeney*
                                                                         Dona Feeney, Esq.