UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************************
Jane Doe,                                  *
                                           *
      Plaintiff,                         *
                                           *
v.                                         *   **Docket No. 1:25-cv-00170-TSM**
                                           *
Russell Holden and                         *   **Jury Trial Demanded**
Shaker Regional School District,           *
                                           *
      Defendants.                        *
*******************************************

### DEFENDANT RUSSELL HOLDEN'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Russell Holden ("Mr. Holden"), by and through undersigned counsel, respectfully submits this Answer and Affirmative Defenses in response to Plaintiff's Complaint (ECF Doc. 1) and says:

### COMPLAINT[1]

**I.   Introduction**

1. Plaintiff's "Introduction" paragraph is a summary of Plaintiff's allegations and claims to which no response is required. To the extent a response is required, Defendant incorporates his responses to the allegations below and denies the allegations and claims against him.

**II.   Parties**

2. Defendant lacks sufficient information to admit or deny and therefore denies the same.

3. Admitted.

---

[1] For convenience, Defendant incorporates the headings and subheadings used in Plaintiff's Complaint in this answer. To the extent any heading or subheading is construed as an allegation directed toward Defendant, Defendant denies the allegation.

4. Admitted.

5. This paragraph calls for a legal conclusion to which no response is required.

6. This paragraph calls for a legal conclusion to which no response is required.

### III. Jurisdiction

7. This paragraph calls for a legal conclusion to which no response is required.

8. This paragraph calls for a legal conclusion to which no response is required.

9. This paragraph calls for a legal conclusion to which no response is required.

### IV. Facts

#### A. SRSD, Superintendent Cozort, Principal Russ Holden and the Hiring of Teacher, Phillip Anderson

10. Admitted.

11. Admitted.

12. Upon information and belief, admitted.

13. Defendant admits that Shaker Regional School Board enacted policies. The remaining allegations in this paragraph call for a legal conclusion to which no response is required.

14. Defendant admits that Michael Cozort ("Mr. Cozort") was the Superintendent and that Mr. Holden was the principal. The remaining allegations in this paragraph call for a legal conclusion to which no response is required.

15. Defendant admits that Mr. Holden was the principal and that his substantive duties include those set forth in N.H. Admin. Code § 304.01, and that such abilities as enumerated in N.H. Admin Code § 506.04(f) were required for educational leadership and administration. The remaining allegations in this paragraph call for a legal conclusion to which no response is required.

16. Denied as written. By way of further explanation, Mr. Holden evaluated and made recommendations to the superintendent concerning candidates for teachers within the school administrative unit in accordance with local school board policy, or as directed by the superintendent, *see* N.H. Admin Code § 304.01(b). Then, upon information and belief, the superintendent nominated and the school board elected all teachers employed in the school or school administrative unit. *See* RSA § 189:39.

17. Defendant admits that Mr. Holden was one of the individuals involved in the interview of Phillip Anderson ("Mr. Anderson"), a prospective Social Studies teacher for Belmont High in the 2009-2010 school year. By way of further explanation, other individuals were involved in Mr. Anderson's interview in addition to Mr. Holden.

18. Denied as written. By way of further explanation, Mr. Holden was one of several individuals involved in evaluating and recommending Mr. Anderson for employment in or around July 2009.

19. Admitted.

20. Admitted.

21. Admitted.

  **B. <u>Phillip Anderson Pursues a Sexual Relationship with Plaintiff</u>**

22. Defendant lacks sufficient information to admit or deny and therefore denies the same.

23. Admitted.

24. Admitted.

25. Admitted.

26. Defendant lacks sufficient information to admit or deny and therefore denies the same.

27. Defendant lacks sufficient information to admit or deny and therefore denies the same.

28. Defendant lacks sufficient information to admit or deny and therefore denies the same.

29. Defendant lacks sufficient information to admit or deny and therefore denies the same.

30. Defendant lacks sufficient information to admit or deny and therefore denies the same.

31. Defendant lacks sufficient information to admit or deny and therefore denies the same.

32. Defendant lacks sufficient information to admit or deny and therefore denies the same.

33. Defendant lacks sufficient information to admit or deny and therefore denies the same.

34. Defendant lacks sufficient information to admit or deny what Plaintiff knew and therefore denies the same.

35. Defendant lacks sufficient information to admit or deny and therefore denies the same.

36. Defendant lacks sufficient information to admit or deny what John Goegel ("Mr. Goegel") witnessed and therefore denies the same.

37. Defendant lacks sufficient information to admit or deny what Mr. Goegel witnessed and therefore denies the same.

38. Defendant lacks sufficient information to admit or deny Mr. Goegel's mental impressions and therefore denies the same.

39. Denied.

40. Denied.

41. Admitted only to the extent that Mr. Goegel "informed" Mr. Holden that he no longer wanted Mr. Anderson to serve as an assistant coach. To the extent the paragraphs preceding this paragraph suggest that Mr. Goegel informed Mr. Holden that he no longer wanted Mr. Anderson to serve as assistant coach because of Plaintiff's allegations as set forth in paragraphs 38 through 40, Defendant reincorporates the responses to paragraphs 38 through 40.

42. Denied as written. By way of further explanation, Mr. Goegel was the cross-country coach and it was Mr. Goegel's decision about who he wanted to serve as assistant coach. Defendant reincorporates the responses to paragraphs 38 through 41.

C. **Holden Fails to Investigate and Assigns Anderson to Additional, Extra-Curricular duties, such that Anderson's Conduct Escalates**

43. Defendant denies that Mr. Goegel made any "report" to Mr. Holden which Mr. Holden indicated that he would "take seriously." Defendant admits that Mr. Holden did not "perform a thorough investigation of Anderson's conduct with Plaintiff" because Mr. Holden had no knowledge that necessitated the same. By way of further explanation, Defendant reincorporates the responses to paragraphs 39 through 42.

44. Defendant admits that Mr. Holden did not "interview" Plaintiff because Mr. Holden had no knowledge that necessitated the same. Defendant reincorporates the responses to paragraphs 39 through 43.

45. Defendant admits that Mr. Holden did not contact Plaintiff's parents "to inquire about any behavior changes in Plaintiff or any discussion, at home, of Anderson" because Mr. Holden had no knowledge that necessitated the same. Defendant reincorporates the responses to paragraphs 39 through 44.

46. Defendant admits that Mr. Holden did not meet with Mr. Goegel regarding Mr. Anderson because Mr. Holden had no knowledge that necessitated the same. Defendant reincorporates the responses to paragraphs 39 through 45.

47. Defendant admits that Mr. Holden "did not report any findings or conclusions to Goegel" because Mr. Holden had no knowledge that necessitated the same. Defendant reincorporates the responses to paragraphs 39 through 46.

48. As to the first part of this paragraph, Defendant denies that Mr. Goegel "report[ed] [] sexual activity between Anderson and Plaintiff." As to the remaining allegations, Defendant responds that Exhibit A speaks for itself.

49. Defendant admits that Mr. Holden was aware that Mr. Anderson was a faculty advisor to the Belmont Drama Program.

50. Defendant lacks sufficient information to admit or deny and therefore denies the same.

51. Defendant responds that Mr. Holden's substantive duties included those enumerated in N.H. Admin Code § 304.01, and that such abilities as enumerated in N.H. Admin Code § 506.04 were required for educational leadership and administration. To the extent this paragraph mischaracterizes Mr. Holden's duties beyond those set forth in N.H. Admin Code § 304.01 or § 506.04, Defendant denies the allegations.

6

52. Defendant lacks sufficient information to admit or deny whether the drama position "required" two (2) performances and therefore denies the same. By way of further explanation, Defendant does not dispute that Exhibit A contemplates two (2) performances. As to the remaining allegations, Defendant lacks sufficient information to admit or deny and therefore denies the same.

53. Defendant lacks sufficient information to admit or deny and therefore denies the same. By way of further explanation, Defendant reincorporates the response to paragraph 52.

54. As to the first part of this paragraph, Defendant denies that Mr. Goegel reported to Mr. Holden any "suspected sexual contact between Plaintiff and Anderson in late 2009." As to the second part of this paragraph, Defendant admits that Mr. Holden did not "interfere[] with Anderson's appointment to the Drama Director position" because he had no knowledge that necessitated the same. As to the remaining part of this paragraph, Defendant lacks sufficient information to admit or deny whether "any school official interfered with Anderson's appointment to the Drama Director position" and therefore denies the same.

55. As to the first part of this paragraph, Defendant responds that Mr. Holden's substantive duties included those enumerated in N.H. Admin Code § 304.01, and that such abilities as enumerated in N.H. Admin Code § 506.04 were required for educational leadership and administration. To the extent this paragraph mischaracterizes Mr. Holden's duties beyond those set forth in N.H. Admin Code § 304.01 or § 506.04, Defendant denies the allegations. As to the remaining part of this paragraph, Defendant lacks sufficient information to admit or deny whether "any school official closely supervise[d] Anderson in performance of his extra-curricular duties" and therefore denies the same.

56. Defendant lacks sufficient information to admit or deny and therefore denies the same.

57. Defendant lacks sufficient information to admit or deny and therefore denies the same.

58. Defendant lacks sufficient information to admit or deny and therefore denies the same.

59. Defendant lacks sufficient information to admit or deny and therefore denies the same.

60. Defendant lacks sufficient information to admit or deny and therefore denies the same.

D. **Holden Maintains Anderson's Employment Allowing Anderson to Continue his Abuse of Plaintiff**

61. Defendant admits that Mr. Anderson submitted his resignation on or about April 2010.

62. Defendant admits that Mr. Anderson's resignation was for the following school year; therefore, he taught for the remainder of the 2010 school year.

63. Defendant lacks sufficient information to admit or deny and therefore denies the same.

64. Defendant lacks sufficient information to admit or deny and therefore denies the same.

65. Defendant lacks sufficient information to admit or deny and therefore denies the same.

66. Defendant lacks sufficient information to admit or deny and therefore denies the same.

67. Defendant lacks sufficient information to admit or deny and therefore denies the same.

68. Defendant lacks sufficient information to admit or deny and therefore denies the same.

  F. **Plaintiff Did Not Learn that Holden Had Reason to Know of Her Abuse until October 2024**

69. Defendant admits only that Mr. Anderson ceased teaching at Belmont High as of the end of June 2010. Defendant lacks sufficient information to admit or deny the remaining allegations and therefore denies the same.

70. Defendant lacks sufficient information to admit or deny and therefore denies the same.

71. Defendant lacks sufficient information to admit or deny and therefore denies the same.

72. Defendant lacks sufficient information to admit or deny and therefore denies the same.

73. Defendant lacks sufficient information to admit or deny and therefore denies the same.

74. Defendant lacks sufficient information to admit or deny and therefore denies the same.

75. Defendant lacks sufficient information to admit or deny what Mr. Goegel reported to Plaintiff's counsel and therefore denies the same.

76. Defendant lacks sufficient information to admit or deny what "information" Plaintiff had and therefore denies the same. Defendant denies that Mr. Holden "had reason to know of [Plaintiff's] sexual abuse and that that he had failed to take steps to protect her."

77. Defendant lacks sufficient information to admit or deny what Plaintiff had "reason to know" and therefore denies the same. Defendant denies that Mr. Holden bears any liability.

**V.     Counts**

**COUNT ONE (against SRSD)**

**VIOLATION OF TITLE IX, 20 U.S.C. § 1681 *et seq.***
**SEXUAL HARASSMENT – HOSTILE EDUCATIONAL ENVIRONMENT**

78. The foregoing answers are incorporated herein.

79. Defendant lacks sufficient information to admit or deny and therefore denies the same.

80. This paragraph is not directed at Defendant, therefore no response is required. To the extent a response is deemed required, Defendant denies the allegations.

81. This paragraph calls for a legal conclusion to which no response is required.

82. Defendant lacks sufficient information to admit or deny and therefore denies the same.

83. Defendant lacks sufficient information to admit or deny and therefore denies the same.

84. Defendant lacks sufficient information to admit or deny and therefore denies the same.

85. Defendant lacks sufficient information to admit or deny what Plaintiff "discover[ed]" and therefore denies the same.

86. Denied.

87. Denied.

88. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff's claim is not time barred.

89. This paragraph calls for a legal conclusion to which no response is required.

**COUNT TWO (against Holden)**

**BREACH OF PRINCIPAL'S DUTY TO PROTECT STUDENTS
FROM SEXUAL ABUSE BY SCHOOL EMPLOYEES**

90. The foregoing answers are incorporated herein.

91. This paragraph calls for a legal conclusion to which no response is required.

92. This paragraph calls for a legal conclusion to which no response is required.

93. This paragraph calls for a legal conclusion to which no response is required.

94. Denied.

95. Denied.

96. Denied.

97. Denied. By way of further explanation, Defendant reincorporates the responses to paragraphs 41 through 42.

98. Denied.

99. Denied.

100. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

**COUNT THREE (against SRSD)**

**VICARIOUS LIABILITY FOR PRINCIPAL'S BREACH
OF HIS DUTY TO PROTECT PLAINTIFF**

101. The foregoing answers are reincorporated herein.

102. This paragraph calls for a legal conclusion to which no response is required.

103. This paragraph calls for a legal conclusion to which no response is required.

104. This paragraph calls for a legal conclusion to which no response is required.

105. This paragraph calls for a legal conclusion to which no response is required.

106. This paragraph calls for a legal conclusion to which no response is required.

**COUNT FOUR (against Holden)**

**ACTION UNDER 42 U.S.C. § 1983 FOR STATE-CREATED DANGER IN VIOLATION OF 14TH AMENDMENT SUBSTANTIVE DUE PROCESS GUARANTEE**

107. The foregoing answers are reincorporated herein.

108. This paragraph calls for a legal conclusion to which no response is required.

109. Denied.

110. Defendant lacks specific information to admit or deny and therefore denies the same.

111. Defendant denies that Mr. Holden "assigne[d] . . . Anderson to the Drama Director." Defendant lacks sufficient information to admit or deny whether Mr. Anderson "groped and fondled Plaintiff during play rehearsals, causing Plaintiff distress" and therefore denies the same.

112. As to the first sentence, denied. As to the second sentence, denied. The third sentence calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies.

113. As to the first sentence, Defendant denies that Mr. Goegel reported to Mr. Holden "that Plaintiff was at risk . . . after a pattern of flirtatious and obsessive behavior by Anderson." As to the second sentence, denied. As to the third sentence, denied.

114. This paragraph calls for a legal conclusion to which no response is required.

115. This paragraph calls for a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

## COUNT FIVE (against Holden)

### 42 U.S.C. § 1983 ACTION FOR SUPERVISOR LIABILITY UNDER 14TH AMENDMENT SUBSTANTIVE DUE PROCESS CLAUSE

116. The foregoing responses are incorporated herein.

117. This paragraph calls for a legal conclusion to which no response is required.

118. This paragraph calls for a legal conclusion to which no response is required.

119. This paragraph calls for a legal conclusion to which no response is required.

120. Denied.

121. Denied.

122. Defendant lacks sufficient information to admit or deny and therefore denies the same.

123. Denied.

## PLAINTIFF'S PRAYERS FOR RELIEF (a – i)

Plaintiff's Prayer for Relief paragraphs (a) – (i) call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies Plaintiff is entitled to the damages requested in paragraphs (a) – (i).

**Ad Damnum:** Defendant denies that Plaintiff is entitled to any relief arising out of or otherwise related to her complaint.

## JURY DEMAND

Defendant hereby demands a jury by trial.

**AND BY WAY OF FURTHER ANSWER**, Defendant Russell Holden asserts and otherwise reserves the following affirmative defenses:

A. Defendant denies liability and damages.

B. Defendant denies the factual and legal allegations against him, except where expressly admitted above.

C. Defendant denies violating Plaintiff's constitutional, federal, state, statutory, or common law rights.

D. Plaintiff's complaint fails to state proper claims for which relief may be granted.

E. Plaintiff's claims are barred or limited by the doctrines of absolute, discretionary function, statutory, individual, municipal, and qualified immunity.

F. Defendant is entitled to raise the defenses of statutory and common law immunities, including but not limited to RSA 507-B.

G. Plaintiff's damages, if any, are limited by applicable federal or state law statutory limits.

H. Plaintiff's damages, if any, are limited by the provisions of RSA 507-B:4.

I. Defendant's actions or conduct were not the proximate cause of any alleged injury to Plaintiff.

J. Defendant did not have notice about the allegations in the complaint, and in the absence of knowledge, Defendant cannot be held liable for failing to act.

K. Plaintiff suffered no damages as a result of any actions by the Defendant.

L. Defendant's actions were not the proximate cause of any injuries to Plaintiff.

M. Plaintiff fails to allege that Defendant affirmatively acted to create or enhance a danger.

N. Plaintiff failed to utilize policies and internal remedies for reporting and readdressing the misconduct that she claims.

O. Plaintiff unreasonably failed to avail herself of preventive and remedial measures.

P. Plaintiff's claims are barred by the statute of limitations.

Q. Plaintiff failed to mitigate her damages, if any.

R. No punitive or enhanced damages are warranted or permitted by federal law and RSA 507-B:4 (II) and (IV).

S. Plaintiff's damages, if any, were caused by the acts or omissions of third parties over whom Defendant exercised no control and for whom Defendant is not responsible.

T. Defendant reserves the right to assert that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, res judicata, collateral estoppel, judicial estoppel, laches, ratification, unclean hands, and equitable estoppel.

U. Defendant reserves the right to assert comparative negligence as a defense.

V. Defendant reserves the right to add additional defenses as discovery proceeds.

**WHEREFORE**, Defendant Russell Holden respectfully requests the following affirmative relief:

a) Dismiss the Plaintiff's Complaint with prejudice;

b) Grant judgment in favor of the Defendant Russell Holden;

c) Award attorney's fees and costs to the Defendant Russell Holden; and

d) Grant such further and other relief as the Court deems appropriate.

                Respectfully submitted,

                **RUSSELL HOLDEN**

                By His Attorneys,

                **Gallagher, Callahan & Gartrell, P.C.**

Dated:  July 8, 2025        By: /s/ Keelan B. Forey
                                        Keelan B. Forey, Esq. (#272933)
                                        214 North Main Street
                                        Concord, NH  03301
                                        (603) 545-3663
                                        forey@gcglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this date been served on all parties/counsel of record via the Court's electronic filing system.

Dated:  July 8, 2025        By: /s/ Keelan B. Forey
                                        Keelan B. Forey, Esq. (#272933)